NO. 07-09-0144-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 17, 2009
_____

DAVID O. MEEKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2007-443160; HONORABLE DRUE FARMER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**DISSENTING OPINION**

As I understand the Court's reasoning, it finds the consensual search of appellant's pocket followed the officer's unreasonably prolonged detention of appellant, and marijuana found in the pocket was thus fruit of the poisonous tree. I agree with the Court that an officer's request for consent to search a vehicle involved in a traffic stop, although otherwise permissible, may nonetheless prolong a detention to an unreasonable degree. *See Kothe v. State*, 152 S.W.3d 54, 65 (Tex.Crim.App. 2004) (noting that a routine check of a driver's license and car registration may unduly prolong a detention, making the

officer's action unreasonable under the circumstances). But the trial court reasonably could have concluded that did not occur here.

As the Court notes, the exchange between appellant and the officer concerning consent to search the vehicle took about a minute. From its inception to appellant's arrest, the detention took something over six minutes. The Court accurately characterizes as "evasive" appellant's responses to the officer's first several questions regarding consent. Appellant and the State disagree over the effect of appellant's "yes" or "I guess" response to the officer's last question, and the Court finds it insufficient to demonstrate appellant's unequivocal and voluntary consent to search of the car. Accepting the Court's conclusion as correct, surely the same evidence permitted the trial court to conclude appellant did not refuse the officer consent to search his car.[1] *See Olguin v. State*, No. 08-02-0241-CR, 2003 WL 22159048 (Tex.App.–El Paso, September 18, 2003 pet. ref'd) (mem. op., not designated for publication) (disagreeing with contention defendant's failures to respond to officer's requests for consent constituted refusals); *cf. Davis v. State*, 947 S.W.2d 240, 241 (Tex.Crim.App. 1997); *McQuarters v. State*, 58 S.W.3d 250, 254 (Tex.App.–Fort Worth 2001, pet. ref'd) (both finding detentions improperly prolonged after stopped suspects refused consent to search vehicles).

---

[1] In the absence of findings of fact, we view the evidence in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000).

The video recording shows the officer told appellant to step out of the car immediately after appellant's response to the officer's last request for consent. The officer testified, and appellant does not disagree, that appellant reached toward one of his pockets as he stepped out of the vehicle, leading the officer to grab appellant's arm then seek his consent to search the pocket. Appellant consented to the search of the pocket and the marijuana was found. Case law provides an officer may as a matter of routine ask an occupant to step out of a vehicle after a traffic stop. *Pennsylvania v. Mimms*, 434 U.S. 106, 109-11, 98 S.Ct. 330, 332-33, 54 L.Ed.2d 331 (1977) (per curiam); *Rhodes v. State*, 945 S.W.2d 115, 117-19 (Tex.Crim.App.1997). Under the circumstances presented here, I see nothing constitutionally wrong with the officer's instruction of appellant to step out of the car. I would find the actions that lead to discovery of the marijuana in appellant's pocket were not unreasonable, and would affirm the trial court's denial of the motion to suppress. Because the Court does not, I respectfully dissent.

James T. Campbell
Justice

Publish.